FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 08 2009 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBORAH MOSS | Case No. _____ |
| Plaintiff, | **09 2465** |
| vs. | COMPLAINT |
| KIRSCHENBAUM & PHILLIPS, PC | Jury Trial Demanded |
| Defendant. | SPATT, J. |
| | WALL, M.J. |

PLAINTIFF, DEBORAH MOSS ("Plaintiff"), by and through the undersigned attorney, files this Complaint against DEFENDANT, KIRSCHENBAUM & PHILLIPS, PC ("Defendant"), and alleges as follows:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the following provisions, resulting from abusive behavior against Plaintiff in the course of Defendant's attempt to collect a debt:

    **(1)** The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## II. JURISDICTION

2. The FDCPA claim arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

## III. PARTIES

3. Plaintiff, DEBORAH MOSS ("Plaintiff"), is a natural person residing in Suffolk County, New York.

4. Defendant, KIRSCHENBAUM & PHILLIPS, PC, ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV. FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. Within the last year, Defendant contacted Plaintiff by telephone in an attempt to collect an alleged outstanding debt. During that telephone conversation, Defendant performed the following acts, which amount to violations under various federal and state laws:

   a) Using false, deceptive, or misleading representations or means in connection with collection of a debt, including negotiating a payment arrangement with Plaintiff whereby she would pay $50 per month towards the debt in lieu of Defendants filing a wage garnishment, then immediately reneging on the agreement and continuing Defendants garnishment efforts (§ 1692(e));

   b) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and threatening to take an action that cannot legally be taken or

that is not intended to be taken, including threatening to triple the amount allegedly due if Plaintiff would not immediately comply with Defendants collection efforts (§ 1692d)(§ 1692(e)(5);

c) Engaging in unfair and unconscionable means to collect or attempt to collect a debt where same is not expressly agreed by the contract underlying the alleged debt or authorized by law, i.e. freezing a bank account held jointly by Plaintiff and her son and depleting all funds which were known not to be Plaintiffs property (§ 1692f(1));

d) Communicating with Plaintiff after having been instructed by Plaintiff to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the debt (§ 1692c(c)); and

e) Using false, deceptive, or misleading representations or means in connection with collection of a debt, including falsely representing the character, amount, or legal status of Plaintiffs debt, i.e., representing to Plaintiff that she was legally responsible for the entire amount due on the alleged debt when she was not the primary account holder (§ 1692(e); §1692(e)(2)(A)).

9. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

10. Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

11. Defendant's action, detailed above, was undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

12. Defendant's actions, detailed above, constituted an extraordinary transgression of the bounds of socially tolerable conduct

13. To the extent Defendant's actions, detailed above, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;
B. Actual damages pursuant to 15 USC 1692k;
C. Statutory damages pursuant to 15 U.S.C. § 1692k;
D. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,
E. For such other and further relief as may be just and proper.

This 3rd day of June, 2009.

ATTORNEYS FOR PLAINTFF
*DEBORAH MOSS*

Respectfully submitted,

Dennis R. Kurz
NY Bar No. 4570453
***Kurz & Fortas, LLC***
Attorneys for Plaintiff
80 Broad Street, 5th Floor
New York, NY 10004
(404) 856-3888

(404) 856-3892 (fax)
dkurz@kurzandfortas.com

*PLEASE SEND ALL CORRESPONDENCE TO:*

Dennis R. Kurz
Kurz & Fortas, LLC
1932 North Druid Hills Road, Suite 200
Atlanta, Georgia 30319